**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MONTY CLAY, Individually and as Next Friend of J.C.C. and J.M.C., and as Personal Representative for the Estate of Amy Clay; LYNDA WILSON; LINDA PHILLIPS, as Next Friend of G.A.P.; BRENDAN PHILLIPS; DALE PHILLIPS, SR., Individually and as the Personal Representative of Dale Leighroy Phillips, Jr.; and KAREN B. PHILLIPS, <br><br> Plaintiffs, <br><br> v. <br><br> AIG AEROSPACE INSURANCE SERVICES, INC.; CHARTIS AEROSPACE INSURANCE SERVICES, INC.; WILLIAMSON AIRCRAFT, INC.; AIR-TEC, INC.; ERIC RUHE; BOB RUHE AG SERVICE, INC.; RUHE SALES, INC., and MARYLYN RUHE, <br><br> Defendants. | Case No. 3:14-cv-02537-JJH <br><br> Hon. Jeffrey J. Helmick |

**PLAINTIFFS' JOINT RULE 56(d) MOTION TO DENY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, TO EXTEND
PLAINTIFFS' RESPONSE TIME**

Plaintiffs jointly move this Court under Fed. R. Civ. P. 56(d) to deny the pending motion for summary judgment, or alternatively to extend their response time to the pending motion for summary judgment so that they can conduct discovery, and obtain

affidavits or other evidence to oppose defendants Eric Ruhe, Marilyn Ruhe, Bob Ruhe AG Services, Inc., Ruhe Sales, Inc., and Ruhe Sales, LLC's (collectively the "Ruhes") premature motion for summary judgment filed December 18, 2014 (Doc. # 94). The Ruhes' recently filed motion for summary judgment is premature because: (1) the parties have not engaged in any discovery regarding the merits of plaintiffs' claims or the Ruhes' defenses, (2) the Ruhes first raised their statute of repose defense less than two months ago when they first filed their answer in this Court; and (3) the plaintiffs are entitled to discovery before having to oppose the motion for summary judgment and before the Court makes a determination on the Ruhes' motion.

If the Court does not deny the motion for summary judgment at this time, the plaintiffs request that the Court grant them an extension of time within which to oppose the Ruhes' motion for summary judgment because the lead plaintiffs' counsel are set to begin a two-week wrongful death trial related to this action in the state court in Texas beginning January 20, 2015; and the undersigned were just retained to serve as co-counsel in this case.[1] Affidavit of plaintiff's counsel Michael Simpson ("Simpson Aff."), at ¶10, attached as Exhibit 1. The Ruhes will not be prejudiced by permitting discovery to proceed in this action, as no discovery on the merits of the plaintiffs' case against the Ruhes or the Ruhes' defenses has previously been conducted in any related action. Plaintiffs respectfully request at least 90 days to conduct discovery; and if necessary, at least 30 days after the completion of the discovery period to file their response to Ruhes'

---

[1] The target defendant in the related Texas wrongful death litigation is AIG Aerospace Insurance Services, Inc. ("AIG"). The Ruhes are insured through Commerce and Industry Insurance Company. Upon information and belief, AIG and the Ruhes' insurer are both subsidiaries or affiliates of AIG, Inc.

2

motion for summary judgment. The reasons, evidence, and authorities in support of this Motion are in the following Memorandum in Support.

                                      Respectfully submitted,

*/s/ Gerald R. Kowalski*
Gerald R. Kowalski (0022323)
James R. Silk, Jr. (0062463)
Sarah K. Skow (0081468)
SPENGLER NATHANSON P.L.L.
Four SeaGate, Suite 400
Toledo, Ohio 43604-2622
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
gkowalski@snlaw.com
silk@snlaw.com
sskow@snlaw.com
*Local Counsel for Plaintiffs*

Michael A. Simpson (TX Bar No. 18403650)
(*Admitted pro hac vice*)
SIMPSON BOYD POWERS & WILLIAMSON
1119 Halsell Street
Bridgeport, Texas 76426
Telephone: (940) 683-4098
Facsimile: (940) 683-3122
msimpson@sbplaw.com
*Lead Counsel for Plaintiffs Monty Clay, Individually and as Next Friend of Jacob Clay and Jonathan Clay, and as Representative of the Estate of Amy Clay; and Lynda Wilson*

Robert B. Waltman (TX Bar No. 20822500)
(*Admitted pro hac vice*)
WALTMAN & GRISHAM
2807 S. Texas Avenue, Suite 201
Bryan, Texas 77802
Telephone: (979) 694-0900
Facsimile: (979) 693-0840
rob@waltman.com
*Lead Counsel for Linda Phillips as Next Friend of Brendan Phillips and Grace Phillips; Brendan Phillips*

William O. Angelley (TX Bar No. 24001658)
(*Admitted pro hac vice*)
BRADEN, VARNER & ANGELLEY
703 McKinney Avenue, Suite 400
Dallas, Texas  75202
Telephone:  (214) 740-0212
Facsimile:  (214) 740-0217
Email:  wangelley@bvalaw.com
*Lead Counsel for Dale Phillips, Sr.,
Individually and as the Personal
Representative of the Estate of Dale
Leighroy Phillips, Jr.; and Karen B.
Phillips*

## MEMORANDUM IN SUPPORT

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This case is about a tragic airplane crash that occurred in the state of Texas. Plaintiffs are the next of kin and estate representatives for the two individuals who were killed in the Texas plane crash. See Amended Complaint, ¶¶1, 4-7. The accident victims were the airplane's owner and pilot, Dale Leighroy Phillips, Jr. (known as "Scooter" Phillips), and Amy Clay, the passenger and Mr. Phillips's assistant. See Amended Complaint, ¶¶18-19. The tragic airplane crash occurred due to a faulty vacuum pump that had been installed on the airplane shortly before the crash. See Amended Complaint, ¶¶1, 4-7.

Plaintiffs filed suit against multiple defendants, including the Ruhes, in the Texas state trial court. Exhibit 1, Simpson Aff. at ¶3. Plaintiffs sued AIG and the Ruhes because of their respective wrongful conduct in marketing and selling the salvaged aircraft, and their respective failures to disclose damage to the engine and vacuum pump which caused the fatal airplane crash. Amended Complaint, ¶¶10-11, 22-26, 27-29, 30-33. In 2005, AIG sold the Ruhes the salvaged aircraft, including the damaged engine and vacuum pump. See Amended Complaint, ¶¶20(c.)-(i). In 2011, the Ruhes sold the engine

4

and vacuum pump to Air-Tec, Inc. without disclosing that those component parts had come from a salvaged aircraft that had been damaged in Hurricane Wilma in 2005. Amended Complaint ¶¶13, 20(i.). Air-Tec, Inc. sold the faulty engine and vacuum pump to Scooter Phillips, and the faulty engine and vacuum pump were installed into the decedent, Scooter Phillips's airplane. Amended Complaint, ¶¶20(i.)-(m.)-21.[2]

The Ruhes challenged the suit brought against them in the Texas state court, arguing that the Texas court lacked personal jurisdiction over them. After limited discovery on the jurisdictional issue (*i.e.*, the 2013 depositions of Eric Ruhe and Marilyn Ruhe), the Texas state court dismissed the plaintiffs' claims against the Ruhes on jurisdictional grounds. Exhibit 1, Simpson Aff. at ¶3. Plaintiffs' claims against AIG remain in the Texas action, and are set for a two-week wrongful death trial beginning January 20, 2015. Exhibit 1, Simpson Aff. at ¶10.

Plaintiffs then re-filed their claims against the Ruhes and others in the United States District Court for the Middle District of Florida. Exhibit 1, Simpson Aff. at ¶4. The Ruhes, again, challenged the suit against them in the Florida district court, arguing that the Florida court lacked personal jurisdiction over them. Exhibit 1, Simpson Aff. at ¶4. The plaintiffs and the Ruhes never conducted any discovery in the Florida case. Exhibit 1, Simpson Aff. at ¶7. On November 18, 2014, the Florida district court severed the plaintiffs' case against the Ruhes and transferred the action to this Court. Exhibit 1, Simpson Aff. at ¶7.

On November 25, 2014 – for the first time – the Ruhes filed their answer to plaintiffs' amended complaint and asserted their affirmative defenses (Doc. #79).

---

[2] The plaintiffs' claims against the defendants in the Florida action, including defendants Air-Tec, and others, for their respective wrongful conduct are contained in plaintiffs' First Amended Complaint, Doc. # 20.

Exhibit 1, Simpson Aff. at ¶5. Before this Court could conduct an initial telephone conference regarding the recently transferred action, the Ruhes filed their motion for summary judgment solely on the grounds of the Ohio statutes of repose. The Court has not scheduled a discovery period in this action, and there has been no discovery conducted before this Court. Exhibit 1, Simpson Aff. at ¶7.

The Ruhes' motion for summary judgment raises factual issues concerning the Ohio statutes of repose. Although extensive discovery was conducted in the related Texas state-court case, no discovery has been conducted on any facts or issues regarding the application of the Ohio statutes of repose. Exhibit 1, Simpson Aff. at ¶6. On January 9, 2015, the parties in the Florida district court first exchanged initial disclosures, and no discovery has been conducted on any facts or issues regarding the application of the Ohio statutes of repose. Exhibit 1, Simpson Aff. at ¶¶6-7. The depositions of Eric Ruhe and Marilyn Ruhe taken in the Texas action – over one year before the instant case was transferred to this court – were taken for the limited purpose of establishing whether or not the Texas state court had personal jurisdiction over the Ruhes. Exhibit 1, Simpson Aff. at ¶7. Accordingly, the Court should deny the Ruhes' premature motion for summary judgment because virtually no discovery has been conducted relating to the merits of the plaintiffs' claims against the Ruhes or the Ruhes' defenses and none has been conducted regarding the Ohio statutes of repose.

## II. LAW AND ARGUMENT

"A party must receive a *full opportunity* to conduct discovery to be able to successfully defeat a motion for summary judgment." *Ray v. Bell Helicopter Textron, Inc.*, Case No. 3:11-cv-131, 2012 WL 1023587, *4 (M.D. Tenn. Mar. 26, 2012) (emphasis added). And where no discovery has been conducted, a court should defer its ruling on

a summary judgment motion and grant the non-moving party's motion to conduct discovery pursuant to Rule 56(d). *See, e.g.*, *CenTra, Inc. v. Estrin,* 538 F.3d 402, 420 (6th Cir.2008) (holding that "[t]ypically, when the parties have no opportunity for discovery, denying the [Rule 56(d) ] motion and ruling on a summary judgment motion is likely to be an abuse of discretion.").

Rule 56(d) provides as follows:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) Defer considering the motion or deny it;

(2) Allow time to obtain affidavits or declarations or to take discovery; or

(3) Issue any other appropriate order.

When deciding a Rule 56(d) motion, a court should consider: (1) when the party seeking the extension of discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking the extension of discovery was dilatory in its discovery efforts; and (5) whether the opposing party was responsive to the discovery requests. *Thomason v. Amalgamated Local No. 863*, 438 Fed. Appx. 358, 361 (6th Cir. 2011) citing *CenTra, Inc.,* 538 F.3d at 420.

The plaintiffs' claims against the Ruhes are based upon the Ruhes' wrongful conduct in purchasing, marketing, selling, and distributing the faulty subject aircraft engine and vacuum pump from a salvaged aircraft that they knew had been damaged in

7

Hurricane Wilma. *See* First Amended Complaint, ¶¶20(g).-(i.).[3] The plaintiffs allege that the Ruhes bought the faulty engine and vacuum pump in 2005 from AIG, and then sold the engine and vacuum pump in 2011 to Air-Tec, Inc. without noting, indicating, or warning anyone that the aircraft, engine, or vacuum pump had suffered damage in Hurricane Wilma. Amended Complaint, ¶20(i.).

The complete lack of a discovery period for the claims and defenses in this case warrant permitting discovery under Rule 56(d). *CenTra, Inc.,* 538 F.3d at 420. Because there has been no opportunity for discovery in the action against the Ruhes, the Sixth Circuit's holding in *CenTra* establish that this Court should deny the Ruhes' motion for summary judgment or defer its ruling to permit discovery in this action. In fact, no discovery has been conducted regarding the merits of plaintiffs' action against the Ruhes or the Ruhes' defenses. Exhibit 1, Simpson Aff. at ¶6. This case was transferred to this Court from the United States District Court for the Middle District of Florida on or about November 18, 2014, because the Florida district court found that it did not have personal jurisdiction over the Ruhes. Exhibit 1, Simpson Aff. at ¶4. The plaintiffs and the Ruhes never conducted any discovery in the action before the Florida district court. Exhibit 1, Simpson Aff. at ¶7.

The only discovery that was ever taken from any of the Ruhes, were the 2013 depositions of defendants Eric Ruhe and Marilyn Ruhe, which were taken for the limited purpose of determining whether the Texas court had personal jurisdiction over the Ruhes. Exhibit 1, Simpson Aff. at ¶7. The Texas court dismissed the claims against the

---

[3] In the Texas action, plaintiffs have brought claims against AIG for its wrongful conduct in purchasing, marketing, selling, and distributing the faulty subject aircraft engine and vacuum pump from a salvaged aircraft that they knew had been in Hurricane Wilma.

8

Ruhes based upon its finding that Texas lacked personal jurisdiction over the Ruhes. *See* Exhibit 1, Simpson Aff. at ¶3.

After the plaintiffs re-filed its claims against the Ruhes in the Florida district court, the Ruhes again challenged the Florida court's jurisdiction over them. Exhibit 1, Simpson Aff. at ¶4. Rather than dismiss the case against the Ruhes, the Florida district court severed those claims and transferred them to this Court. Exhibit 1, Simpson Aff. at ¶4. The Ruhes never answered plaintiffs' complaint or asserted any affirmative defenses until they filed their answer before this Court on November 25, 2014 (Doc. # 79). Exhibit 1, Simpson Aff. at ¶5.

Moreover, the factors the Court should consider when determining this Motion require granting plaintiffs' requested relief under Rule 56(d). Plaintiffs first learned about the Ruhes' defenses less than two months ago; and certainly had no prior notice that the Ruhes would attempt to rely on an Ohio procedural statute before the case was transferred to Ohio. To date, there has been no applicable discovery period regarding the plaintiffs' claims and the Ruhes' defenses. Because there has been no discovery period, plaintiffs have not been dilatory in their discovery efforts.

Per local rule and practice before filing this Motion, plaintiffs' counsel conferred with the Ruhes' counsel about the necessity of conducting discovery before responding to the motion for summary judgment, and requested an extension of time to file their opposition to the Ruhes' motion for summary judgment. *See*, Exhibit 2, emails dated January 5, 2015 and January 7, 2015, between plaintiffs' counsel and the Ruhes' counsel re: request for discovery and extension of time to respond to motion for summary judgment. Plaintiffs' counsel proposed that the parties exchange initial disclosures on or before February 4th and that they agree to a 90-day discovery period. *See*, Exhibit 2.

9

The Ruhes refused to agree to proceed with the proposed discovery period. *See*, Exhibit 2. Instead, the Ruhes claimed that plaintiffs were not entitled to discovery, suggesting that the Court "had already decided" that it would decide their motion for summary judgment before permitting discovery. *See*, Exhibit 2, January 7, 2015 email from Jeffrey Clement to Sarah Skow. The Court has not, however, ruled that discovery will not be permitted in this action. The Ruhes also refused to agree to discovery because Eric Ruhe and Marilyn Ruhe were deposed over one year ago in the Texas jurisdictional dispute, and because the plaintiffs have received discovery in the related foreign proceedings from other sources who are not parties to the action before this Court. *See*, Exhibit 2.

Instead of agreeing to participate in discovery, the Ruhes sent plaintiffs' counsel their Initial Disclosures, identifying – but not producing – certain documents that the Ruhes claim relate to the plaintiffs' claims and their defenses.[4] *See*, attached Exhibit 3, January 7, 2015 initial disclosures. The limited discovery that plaintiffs only received from the Ruhes *weeks after* they filed their motion establishes that plaintiffs are entitled to discovery before responding to the motion for summary judgment on the statute of repose issue. For example, the January 7th Initial Disclosures identify a number of documents that may relate to claims or defenses, and identify an insurance policy, without producing a copy of the policy as required by Rule 26(a)(1)(D). *See*, Exhibit 3, at Section B.

---

[4] On January 7th, defendants Eric Ruhe, Bob Ruhe AG Service, Inc., and Ruhe Sales, Inc., partially responded to plaintiffs' request that the parties exchange initial disclosures, when it sent plaintiffs' counsel their initial disclosures. See, attached Exhibit 3, January 7, 2015 initial disclosures. Defendant Marilyn Ruhe has not submitted initial disclosures.

10

The January 7th Initial Disclosures also establish that there are potential fact issues which may excuse the plaintiffs from any application of the Ohio statutes of repose, including but not limited to the exceptions in Ohio Revised Code 2125.02(D)(2)(b)-(c). Contrary to the Ruhes' position, the plaintiffs do not agree that the Ohio statutes of repose apply to or prohibit their claims. Contrary to the Ruhes' anticipated argument that no discovery is needed because the statute of repose issue can be determined by dates alone, a court properly denies a motion for summary judgment on the grounds of a statute of repose under Rule 56(d) where no discovery has taken place and the plaintiffs establish that they need discovery regarding the defendants' relationships and the asserted defenses. *See*, *Ray*, 2012 WL 1023587, *4-6.

The plaintiffs should be permitted discovery in this action so that they discover facts to determine: if the Ohio statute of repose applies, and, if necessary, whether an exception to the statute of repose applies. For example, in their recently served Initial Disclosures, and their affidavits submitted with their motion for summary judgment, the Ruhes claim that Eric Ruhe advised Air-Tec about the "prior storm damage to the salvage aircraft." *See*, Exhibit 3, at Section A. The Ruhes' claim is contrary to Air-Tec's defense that the Ruhes never advised them that the salvage aircraft had been damaged in Hurricane Wilma. Exhibit 1, Simpson Aff. at ¶8. The plaintiffs should be permitted discovery to establish whether the Ruhes disclosed, failed to disclose, or partially disclosed the hurricane or water damage to the salvaged aircraft, its engine, or its vacuum pump. Exhibit 1, Simpson Aff. at ¶9. The plaintiffs need this discovery about the relationship and communications between the Ruhes and Air-Tec, or the Ruhes communications with any other persons about the aircraft, its engine, and its vacuum pump, because they are critical to plaintiffs' claims against the Ruhes, the Ruhes'

11

defenses, and the Ruhes' motion for summary judgment based upon Ohio's statute of repose. Exhibit 1, Simpson Aff. at ¶9.

### III. CONCLUSION

There has been no opportunity for discovery in this matter. Plaintiffs need discovery regarding the Ruhes interaction with the aircraft and its component parts at issue, the relationship and disclosure [or non-disclosure] between the Ruhes and Air-Tec, and to determine whether the Ohio statutes of repose or any exception thereto applies.

In order to permit them the discovery that they are entitled to on the merits of their claims and the Ruhes' recently asserted defenses, the plaintiffs respectfully request that the Court deny the Ruhes' premature motion for summary judgment and permit the parties to engage in a discovery period of at least 90 days. Alternatively, plaintiffs' respectfully request that the Court defer ruling on the Ruhes' motion for summary judgment; give the parties a discovery period of at least 90 days; and extend the plaintiffs' time to respond to the motion for summary judgment until at least 30 days after the completion of the discovery period. Plaintiffs also request the extension of time to respond to the Ruhes' motion for summary judgment because the lead counsel for the plaintiffs will be trying the Texas state court action beginning January 20, 2015, and the undersigned counsel was just recently retained to serve as co-counsel in this action. The Ruhes will not be unduly prejudiced if the Court permits the parties to engage in discovery on the merits of the claims and defenses in this action.

Respectfully submitted,

*/s/ Gerald R. Kowalski*
Gerald R. Kowalski (0022323)
James R. Silk, Jr. (0062463)
Sarah K. Skow (0081468)
SPENGLER NATHANSON P.L.L.
Four SeaGate, Suite 400
Toledo, Ohio 43604-2622
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
gkowalski@snlaw.com
silk@snlaw.com
sskow@snlaw.com
*Local Counsel for Plaintiffs*

**Michael A. Simpson** (TX Bar No. 18403650)
(*Admitted pro hac vice*)
SIMPSON BOYD POWERS & WILLIAMSON
1119 Halsell Street
Bridgeport, Texas 76426
Telephone: (940) 683-4098
Facsimile: (940) 683-3122
msimpson@sbplaw.com
*Lead Counsel for Plaintiffs Monty Clay, Individually and as Next Friend of Jacob Clay and Jonathan Clay, and as Representative of the Estate of Amy Clay; and Lynda Wilson*

**Robert B. Waltman** (TX Bar No. 20822500)
(*Admitted pro hac vice*)
WALTMAN & GRISHAM
2807 S. Texas Avenue, Suite 201
Bryan, Texas 77802
Telephone: (979) 694-0900
Facsimile: (979) 693-0840
rob@waltman.com
*Lead Counsel for Linda Phillips as Next Friend of Brendan Phillips and Grace Phillips; Brendan Phillips*

>William O. Angelley (TX Bar No. 24001658)
>(*Admitted pro hac vice*)
>BRADEN, VARNER & ANGELLEY
>703 McKinney Avenue, Suite 400
>Dallas, Texas  75202
>Telephone:  (214) 740-0212
>Facsimile:  (214) 740-0217
>Email:  wangelley@bvalaw.com
>*Lead Counsel for Dale Phillips, Sr., Individually and as the Personal Representative of the Estate of Dale Leighroy Phillips, Jr.; and Karen B. Phillips*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 19th day of January, 2015. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

>*/s/ Gerald R. Kowalski*
>Gerald R. Kowalski